THE STATE, EX REL. HOWLEY, *v.* BOARD OF ELECTIONS OF CUYAHOGA COUNTY ET AL.

(Decided April 1, 1940.)

*Mr. Ray T. Miller* and *Mr. George P. Ulcigan,* for relator.

*Mr. Frank T. Cullitan,* prosecuting attorney, and *Mr. Saul S. Danaceau,* for respondents.

LLOYD, J. The relator, Lee C. Howley, a resident and elector of precinct CC in ward 9 of the city of Cleveland, petitions this court for a writ of mandamus commanding the respondent Board of Elections of Cuyahoga county and the individual members thereof "To entertain and hear and fully and completely determine the merits" of a written protest "filed by the relator against the declaration of candidacy and petition of Steve Kitowsky, a candidate for member of the Democratic Central Committee of Cuyahoga county from ward nine, precinct BB of the said county as provided in Section 4785-78, General Code."

The answer of the respondents admits the facts pleaded in the petition of the relator and their refusal to consider the protest of relator. The sole question for determination therefore is whether a non-resident member and elector of the same political party can protest the candidacy for membership in the county

central committee of a member of that party who is a candidate in the precinct where he resides and votes.

Section 4785-78, General Code, reads as follows:

"Protests in writing against the candidacy of any person seeking to become a candidate for nomination of any political party may be filed only by a member of such party or by the controlling committee thereof, not later than 6:30 p. m., of the fifty-fifth day before such primary election. * * *"

It is contended by counsel for relator that the language of the statute "may be filed only by a member of such party or by the controlling committee thereof" signifies that because the controlling committee is county-wide in its jurisdiction any member of the party within the county may also file such protest, and it was argued that this was the intention of the General Assembly in enacting the statute so that honesty might be insured against political domination by those in control of such committee. This argument does not seem particularly persuasive, the answer thereto apparently being that there must be some honestly minded member of the party in the particular precinct, who, if it was deemed necessary, could be induced to file a protest against a candidate not qualified or desired for the position sought.

It would seem that there would be some elector in this precinct of like party faith, sufficiently interested and honestly inclined to make such protest, if the reason and necessity therefor were manifest.

The other construction contended for by counsel for relator was that any Democrat anywhere in the state or even in the United States would, under this statute, have the right to make and file such protest.

This statute clearly is not subject to such construction. As was pointed out by Judge Myers, when Secretary of State (later a member of the Supreme Court), in a ruling made by him, in a letter to the Board of Elections of Cuyahoga county dated March 20, 1936:

"Since the section named does not specifically state where 'a member of such party' must have his voting residence it becomes a matter for interpretation. Clearly a member of a party whose voting residence was in Hamilton county would not be permitted to protest the candidacy of a local candidate in Cuyahoga county. That being true, the question further arises what the proper boundary line would be of the district in which an elector making a protest must have his voting residence.

"A qualified elector of precinct 'A' in a certain ward would not be permitted to vote for or help nominate a candidate for precinct committeeman in precinct 'B.' That being true, it may also logically be said that if an elector of one precinct is not permitted to help nominate or vote for a committeeman in a different precinct he also should not be permitted to have any voice in challenging or protesting the right of any one to run for office in a neighboring precinct. If the interests of a party demand that a protest be filed and if no elector in the precinct sees fit to file such protest, then the law properly provides that such protests may be filed by the controlling committee of the party interested."

The judgment of this court is that the writ should be and accordingly is denied.

*Writ denied.*

CARPENTER and OVERMYER, JJ., concur.

CARPENTER, OVERMYER and LLOYD, JJ., of the Sixth Appellate District, sitting by designation in the Eighth Appellate District.